UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWAN S. THURMOND,<br><br>                    Plaintiff,<br>vs.<br><br>UNITED WHOLESALE MORTGAGE, LLC, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-01018-GMN-EJY<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is the Motion to Dismiss, (ECF No. 38), filed by Defendants United Wholesale Mortgage, LLC ("United") and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff Edwan S. Thurmond filed a Response, (ECF No. 40), and Defendant filed a Reply, (ECF No. 42). Also before the Court is the Motion for Default Judgment, (ECF No. 41), filed by Plaintiff, to which Defendants filed a Response, (ECF No. 43).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion for Default Judgment.

I.       **BACKGROUND**

This case arises from a dispute related to a mortgage between Plaintiff and United. (*See generally* First Am. Compl. ("FAC"), ECF No. 32). Plaintiff alleges that United refused to reconvey the deed of trust after his mortgage loan was fully paid. (*Id.* ¶ 71). He further alleges that United transferred its beneficiary interest in the subject Deed of Trust to MERS, making MERS the sole entity with the authority to initiate the reconveyance of the deed back to Plaintiff. (*Id.* ¶ 67).

Plaintiff sent a "Notice of Dispute" to United and its CEO. (*Id.* ¶ 19). When he did not receive a response, he sent three more notices, followed by a "final Notice of Default" which

included a $50 money order. (*Id.* ¶¶ 20, 21).  United cashed the money order, as reflected on the online account portal. (*Id.* ¶ 22).  The notices contained a section stating that failure to respond would be considered acceptance of the terms by silent acquiescence. (*Id.* ¶ 24).

Plaintiff subsequently brought this case, asserting that United's lack of response constitutes an acceptance of his $50 offer to settle his loan. (*Id.* ¶¶ 25, 26).  Defendants filed a Motion to Dismiss Plaintiff's Complaint, and Plaintiff then filed his First Amended Complaint asserting that United no longer has the right to enforce the loan.  Plaintiff seeks injunctive relief to prevent foreclosure on his property, and asserts claims for declaratory relief, cancellation of instruments, and quiet title. (*See generally id.*).  Defendants filed the instant Motion seeking dismissal of all of Plaintiff's claims. (*See generally* Mot. Dismiss ("MTD"), ECF No. 38).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III.      DISCUSSION**

The Court will first address Defendants' Motion to Dismiss before turning to Plaintiff's Motion for Default Judgment.

**A. Motion to Dismiss**

Defendants move to dismiss Plaintiff's second, third, and fourth claims, arguing that they rely on flawed and erroneous legal theories. (MTD 3:25–8:8).  Defendants further seek dismissal of Plaintiff's request for injunctive relief and argue that all claims against MERS should be dismissed for failure to state a cause of action against it. (*Id.* 8:10–17; 9:10–18).  Plaintiff responds that Defendants' MTD should be struck as inadmissible hearsay.  (Resp. at 5–6, ECF No. 40).  In the alternative, Plaintiff argues that he is entitled to summary judgment as a matter of law because Defendants never denied Plaintiff's allegations and failed to provide any responses to Plaintiff's Notices. (*Id.*).

Defendants first assert that Plaintiff's "Private Administrative Remedy Process" is "fictitious," because the Nevada Supreme Court has never recognized a private administrative remedy, and federal courts have only used the term in the context of government agencies providing quasi-judicial proceedings. (*Id.* 4:19–5:2).  They further contend that the Court should reject the theory because it allows Plaintiff to act as claimant, judge, and jury with the power to invalidate his own mortgage by creating his own dispute resolution process and consequences for United's non-response to his demands. (*Id.* 5:3–26).  Second, regarding

Plaintiff's accord and satisfaction arguments, Defendants argue that Plaintiff has not alleged each of the required elements to prove that his loan was discharged under the doctrine of accord and satisfaction. (*Id.* 5:7–8:8).

The Court finds that Plaintiff has not successfully pled the elements required to assert a claim that his loan was discharged under the accord and satisfaction doctrine. Under Nevada law, the party asserting the defense of accord and satisfaction bears the burden of proof to establish three elements: (1) a bona fide dispute over an unliquidated amount; (2) payment tendered in full settlement; and (3) understanding by the creditor and acceptance of the payment. *Pierce Lathing Co. v. ISEC, Inc.*, 956 P.2d 93, 97 (Nev. 1998). "[A] prerequisite for the finding of an accord and satisfaction is a clearly established meeting of the minds." *Id.*

Even assuming Plaintiff did identify a bona fide dispute regarding the loan, the Court finds that Plaintiff failed to allege that there was a "clearly established meeting of the minds." *Id.* Plaintiff states that he sent a money order in the amount of $50, which he claims "settl[ed] the purported mortgage loan for less than what was purported owed." (FAC ¶ 29). But he does not allege that the money order was accompanied by a conspicuous statement asserting that it was tendered as a full satisfaction of the claim. Nor does he identify any conduct by United that would demonstrate an agreement to complete satisfaction of his loan for the $50 payment. Therefore, Plaintiff's allegations do not support a finding that there was a meeting of the minds or an understanding by the creditor that the payment was intended to be a settlement. *See Pierce*, 956 P.2d at 97. Without such allegations, the Court finds that Plaintiff has failed to allege that there was an accord and satisfaction when he sent a $50 money order to United.

Further, regarding Plaintiff's "Private Administrative Remedy Process" argument, Plaintiff points to no case law in Nevada or the Ninth Circuit that supports such an argument. And the Court can find no support for Plaintiff's argument either. It appears that Plaintiff has invented this argument in order to invalidate his own mortgage. He claims that, because he

sent United repeated notices in an attempt to cure a supposed dispute, United's lack of response resulted in a settlement of his mortgage debt. (FAC ¶ 25).  But Plaintiff does not cite, and the Court does not know of, any support for the notion that a mortgage debt can be settled through such a one-sided process.

Lastly, Plaintiff's argument that the Court should strike Defendant's Motion to Dismiss cannot succeed.  Plaintiff argues that Defendant's Motion to Dismiss should be struck as inadmissible hearsay because it was written by attorneys without firsthand knowledge and was not accompanied by a sworn affidavit or declaration. (Resp. at 1–2, ECF No. 40).  But the doctrine of hearsay does not apply to legal arguments made in a Motion to Dismiss.  Nor is there a requirement that a Motion to Dismiss be accompanied by an affidavit, as Plaintiff claims. Fed. R. of Civ. P. 11(a). Thus, the Court will not strike Defendant's Motion as hearsay.

Because all of Plaintiff's claims are based on his accord and satisfaction and "Private Administrative Remedy Process" arguments, the Court dismisses all claims.  And because Plaintiff's complaint does not contain a viable claim for relief that is plausible on its face, the Court finds that amendment would be futile.  Further, Plaintiff has already been given an opportunity to amend his complaint.  Therefore, the Court dismisses all claims without leave to amend. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile . . . ."), *as amended* (citation omitted); *see also Cafasso, United States ex rel. v. Gen Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citation and alteration omitted).  Thus, Defendants' Motion to Dismiss is GRANTED**,** and Plaintiff's FAC is DISMISSED without leave to amend.

///

///

### B. Motion for Default Judgment

Plaintiff moves for default judgment against Defendants. (*See generally* Mot. Default J., ECF No. 41). Though he acknowledges that Defendants filed their Motion to Dismiss the FAC, Plaintiff argues that Defendants actually failed to file a timely response to his FAC because the Court should strike Defendants' Motion to Dismiss as hearsay. (*Id.* at 1–2). Thus, he asserts that the Court should enter default judgment against Defendants under Federal Rule of Civil Procedure 55. (*Id.*).

As discussed above, the Court will not strike Defendants' Motion to Dismiss. Because Defendants have appeared and filed a Motion to Dismiss, Plaintiff's argument fails. Therefore, the Court DENIES Plaintiff's Motion for Default Judgment.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 38), is **GRANTED without leave to amend.**

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 41), is **DENIED**.

The Court kindly directs the Clerk of Court to close the case.

**DATED** this __13__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT